NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CAROLE RESERVE MIGUEL | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | Civil Action No. 01-cv-3229 (DMC) |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

  This matter comes before the Court upon motion by Freeman & Bass, P.A., Attorneys for Plaintiff, Joel M. Solow, Esq. ("Solow") for counsel fees. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering the application for fees, and based upon the following, it is the finding of this Court that the motion for attorneys fees is **granted**.

**I. BACKGROUND**

  Plaintiff was represented by Joel M. Solow, Esq., Freeman & Bass, P.A. in proceedings before the Commissioner of Social Security, the federal district court and the Court of Appeals. The Social Security Administration ("SSA") issued a Social Security Benefit Notice dated March 15, 2006, *inter alia* awarding Plaintiff $20,393.25 and indicating that the SSA withheld $6,797.75 from Plaintiff's past due benefits "in case we need to pay your lawyer." Letter from Jo Anne B. Barnhart, Commissioner of Social Security, to Carole Reserve Miguel (Mar. 15, 2006). Plaintiff's counsel filed a Fee Petition on June 9, 2006 in the amount of $6,797.75. On August 11, 2006,

Administrative Law Judge, Marilyn Mann Faulkner, reduced Plaintiff's counsel's fee to $5,000.00.

Additionally, the Administrative Law Judge's ruling includes a paragraph stating that

> If the representative or the claimant disagrees with the fee, either or both can ask us to review the amount of the fee. If the claimant thinks the fee is too high or the representative thinks the fee is too low, either party must write to us within 30 days from the date of this notice.

Plaintiff did not object to this fee award.

## II.  DISCUSSION

Pursuant to 42 U.S.C. § 406(b), "in Social Security disability cases a district court is authorized by the [Social Security] Act to approve counsel's requests for fees from the claimant's award only for services performed" in federal courts. Guido v. Schweiker, 775 F.2d 107, 108 (3d Cir. 1985). Such a fee must be reasonable and may not exceed "25 percent of the total past due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A). In a case where attorneys fees are awarded by both the court for proceedings in federal court and by the SSA for proceedings before the agency, the combination may not exceed the 25 percent limit contained in the statute. See 42 U.S.C. § 406; Guido, 775 F.2d at 108.

Here, this Court and the SSA may award fees up to the amount of $6,696.73 - a sum equaling 25 percent of Miguel's past due Social Security benefits. Since the Secretary awarded $5,000.00 in fees for Solow's representation of Miguel before the SSA, this Court may award up to $1,797.75, provided such an award is reasonable.

This Court is convinced that a $1,797.75 award is a reasonable award for the 38.75 hours of work that Solow performed before this Court and before the Court of Appeals. Such an award reflects an hourly rate slightly above $46.00 an hour for Solow's work in federal court, a rate far below the $250.00 hourly rate used by the agency to calculate a reasonable fee.

### III. CONCLUSION

For the reasons stated, it is the finding of this Court that Plaintiff's motion for counsel fees in the amount of $1,797.75 for work performed in the Federal District Court and the Court of Appeals pursuant to 42 U.S.C. § 406 is **granted**. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:       February 28, 2007
Orig.:      Clerk
cc:         Counsel of Record
            The Honorable Mark Falk, U.S.M.J.
            File